IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELANIE SKINNER, o/b/o H.N.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06cv594-MHT |
| | ) | [WO] |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

Melanie Skinner (Skinner) applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. (2000), on behalf of her daughter, H.N.S. (Plaintiff), alleging that H.N.S. was disability. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner or Defendant).[1] See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review pursuant to 42 U.S.C. § 405(g). Based on the undersigned Magistrate Judge's review of the record and the briefs of the parties, the Court

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

RECOMMENDS that the decision of the Commissioner should be remanded in part and affirmed in part.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 1382c(a)(3)(C)(i), a person under the age of 18 is disabled (and hence entitled to disability benefits) if the person "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2]  In determining whether a child is disabled, the Commissioner employs the following sequential evaluation process.  See 20 C.F.R. § 416.924 (2006).

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment severe?
>
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing of Impairments"), and also meet the twelve-month duration requirement?[3]

If the answer to each of the three questions is "yes," then the child is entitled to benefits.

The standard of review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] Part A of the Listing of Impairments applies to children and adults; Part B applies to children only.  In dealing with a child's case, the Commissioner looks first to Part B, then to Part A.  20 C.F.R. § 416.925(b); Wilkinson v. Bowen, 847 F.2d 660, 661 (11th Cir. 1987).

42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead, must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The Court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

### III. DISCUSSION

#### *A. Introduction*

Plaintiff was seven-years old at the time of the hearing before the ALJ. Tr. at 20. Following the administrative hearing, the ALJ concluded that Plaintiff had three severe impairments that met the duration requirement: ocular albinism, horizontal nystagmus, and attention deficit hyperactivity disorder (ADHD). Tr. at 22. Nonetheless, the ALJ concluded that Plaintiff was not disabled because her impairments did not meet or equal in severity the criteria for any impairment in the Listing of Impairments. Id.

### B.     *Plaintiff's Claims*

Plaintiff presents two issues for review: (1) whether the ALJ's credibility finding was sufficient as a matter of law, and (2) whether the ALJ was required to obtain updated medical expert testimony regarding medical equivalence.  Plf.'s Brief in Opp'n to Commr's Dec. at 8-9, 12.

Employing the three-step process, the ALJ found that Plaintiff has not engaged in substantial gainful activity during any part of the period under adjudication (Step 1); Plaintiff has severe impairments (Step 2); but, those impairments, while severe, do not meet or equal in severity the criteria for any impairment listed in the Listing of Impairments (Step 3).  Tr. at 22.  In light of these findings, the ALJ next found that Plaintiff's impairments do not functionally equal[4] to the level of severity contemplated by the Listing of Impairments, as Plaintiff does not have an "extreme" limitation in any areas of functioning or "marked" limitation in two areas of functioning.  Tr. at 22, 32.  Consequently, the ALJ found Plaintiff

---

[4] Functional equivalency means that the impairment is of "listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an extreme' limitation in one domain." 20 C.F.R. § 416.926a(a).  A marked limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities."  Id. § 416.926a(e)(2)(i).  "It is the equivalent of the functioning [the Secretary] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean."  Id.  The regulations state:
  If you are a child of any age (birth to the attainment of age 18), we will find that you have a
  "marked" limitation when you have a valid score that is two standard deviations or more below
  the mean, but less than three standard deviations, on a comprehensive standardized test designed
  to measure ability or functioning in that domain, and your day-to-day functioning in domain-
  related activities is consistent with that score.
Id. § 416.926a(e)(2)(iii).  An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  Id. § 416.926a(e)(3)(i).  It can be shown by a valid score on a standardized test that is three or more standard deviations below the mean.  Id.

was not disabled.  Id. at 32.

## IV.  DISCUSSION

### A.  *Credibility Determination*

Plaintiff argues that the ALJ erred by failing to indicate the basis for his credibility assessment.  Defendant argues that the ALJ articulated the inconsistencies on which he relied in discrediting Skinner's testimony.  Def.'s Mem. in Supp. of Commr's Dec. at 6.  The Court finds that the ALJ failed to clearly articulate the reasons for discrediting Skinner's testimony.

If the child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition.  20 C.F.R. § 416.928(a).  In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying.  Cf. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) ("The failure to make credibility findings regarding the [mother's] critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability.").  Based upon his evaluation of the entire case record, the ALJ "may find all, only some, or none of an individual's allegations to be credible."  Evaluation of Symptoms in Disability Claims:  Assessing the Credibility of an Individual's Statements, S.S.R. 96-7p, 1996 WL 374186, at *4 (July 2, 1996) (hereinafter SSR 96-7p).

Where an ALJ decides not to credit a claimant's subjective testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  See Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (citing Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)); Jones v. HHS, 941 F.2d 1529, 1532 (11th Cir. 1991) (holding that articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this regard, SSR 96-7p provides, in pertinent part:

It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2;[5] see also 20 C.F.R. § 416.929.  Without an adequate

---

[5] Social Security Rulings are published "under the authority of the Commissioner of Social Security.  They are binding on all components of the Social Security Administration.  These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the agency has] adopted."  20 C.F.R. § 402.35(b)(1); Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1377 (N. D.

explanation, neither the claimant nor subsequent reviewers will have a fair sense of how the claimant's testimony was weighed.  See Tieniber v. Heckler, 720 F.2d at 1255 ("Where an agency's decision concerns specific persons based upon determination of particular facts and the application of general principles to those facts, courts . . . 'demand that the decisionmaker's opinion indicate an appropriate consideration of the evidence and arguments presented.'") (quoting Harborlite Corp. v. ICC, 613 F.2d 1088, 1093 n.11 (D.C. Cir. 1979)).  In other words, the ALJ is required to articulate the reasons for crediting and discrediting Skinner's testimony and the weight accorded to that testimony effect meaningful judicial review.

At the administrative hearing, Skinner testified regarding Plaintiff's limitations, skills, and functioning.  Tr. at 49-63.  In his decision, the ALJ's entire credibility assessment of Skinner holds: "[s]ubjective complaints are considered credible only to the extent that they are supported by the evidence of record as summarized in the text of this decision." Tr. at 32.  This assessment fails to articulate clearly the reasons for discrediting Skinner's testimony.  Indeed, the ALJ's statement of Skinner's credibility is conclusory and is not linked to specific medical evidence.  Fontanez ex rel. Fontanez v. Barnhart, 195 F. Supp. 2d 1333, 1357 n. 13 (M. D. Fla. 2002) (concluding that the ALJ

---

Ga. 2006) (citing Boone v. Barnhart, 353 F.3d 203, 210 n. 16 (3d Cir. 2003); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 550 n. 1 (6th Cir. 2004)); see also Sullivan v. Zebley, 493 U.S. 521, 531 n. 9 (1990) ("Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.") (internal quotations omitted).  While the agency's ruling does not bind this Court, it is accorded great respect and deference where the statute is not clear and the legislative history offers no guidance.  B. B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. 1981) (citing Seagraves v. Harris, 629 F.2d 385, 390-91 (5th Cir. 1980)).

failed to specifically state reasons for crediting grandmother's testimony, where the reasons were not obvious from the medical record); see also Smith ex rel E.S.D. v. Barnhart, 157 Fed. Appx. 57, 62 (10th Cir. 2005) (concluding that the same credibility assessment "is the type of 'standard boilerplate language' that renders meaningful review impossible"); Shafer v. Barnhart, 120 Fed. Appx. 688, 698 (9th Cir. 2005) (holding that the ALJ's similar-stated credibility assessment was sparse, as it did not identify which portions of the testimony were credited and not credited); Jefferson v. Barnhart, 356 F. Supp. 2d 663, 679 (S. D. Tex. 2004) (remanding the same credibility assessment of the ALJ for failure to specifically state a credibility determination and to provide an analysis of that determination).  The Court finds the ALJ's vague assessment is devoid of any analysis that would enable meaningful judicial review.  The ALJ failed to follow the correct legal standard.

   Furthermore, the Court observes that the ALJ's assessment is not related to Skinner's testimony at all because it pertains to the credibility of "[s]ubjective complaints." Tr. at 32.  Skinner's testimony did not concern subjective complaints.  Rather, it concerned Skinner's observations of Plaintiff's limitations, skills, and functioning.  See Tr. at 49-63.  The purported credibility finding simply has no meaning as applied to Skinner's testimony, rendering impossible meaningful review.  See Smith ex rel E.S.D. v. Barnhart, 157 Fed. Appx. at 62.  On remand, the ALJ should conduct a proper analysis, with specific consistent findings, concerning Skinner's credibility to

allow the Court to determine whether the ultimate finding of no disability is supported by substantial evidence.

### B.     *Medical Expert*

Plaintiff claims that because a medical expert last reviewed the medical records in this case on December 1, 2003, the ALJ erred as a matter of law in failing to call medical expert to render an updated opinion regarding whether Plaintiff's impairments meet or equal a listed impairment.  Plaintiff asserts that Social Security Ruling 96-6p requires the ALJ to obtain an updated medical opinion on equivalency because additional medical evidence concerning Plaintiff's ADHD was presented.  Plf.'s Br. in Opp'n to Commr's Dec. at 12-15.[6]  Defendant maintains that the ALJ is responsible for deciding the ultimate legal question whether a listing is met or equaled.  Because the ALJ agreed with the State agency equivalency determination, Defendant argues the ALJ was not required to seek an updated opinion under Social Security Ruling 96-6p and properly determined that Plaintiff had no extreme or marked limitations in the functional domains.  Moreover, Defendant asserts that the ALJ discussed the additional medical evidence submitted after the State agency evaluation.  Def.'s Mem. in Supp. of Commr's Dec. at 7-9.

Among the duties of an ALJ in a social security case is the duty to fully develop the record before rendering a decision.  McCray v. Massanari, 175 F. Supp. 2d 1329,

---

[6] A Plaintiff asserts that additional medical evidence concerning Plaintiff's exotropia also was presented.  Plf.'s Br. in Opp'n to Commr's Dec. at 12-15.  The Court need not reach this argument, as the ALJ did not find exotropia a severe impairment.  Tr. at 22.  Plaintiff has not challenged this conclusion.

1338 (M. D. Ala. 2001) (citing Clark v. Schweiker, 652 F.2d 399, 404 (5th Cir. 1981)). This duty involves developing a complete medical record, 20 C.F.R. § 404.1512(d), and, at times calling upon a medical expert, § 404.1512(f). The duty of an ALJ to consult a medical expert is discussed, as the parties represent, in Social Security Ruling 96-6p. Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and other Program Physicians and Psychologists at the Administrate Law Judge and Appeals Council Levels of Administrate Review; Medical Equivalence, S.S.R. 96-6p, 1996 WL 374180 at * 3-4 (July 6, 1996) (hereinafter SSR 96-6p). An ALJ or the Appeals Council "must obtain an updated medical opinion from a medical expert . . . when additional medical evidence is received that in the opinion of the [ALJ] or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." Id. Although they lack the force of regulations, social security rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). This ruling gives the ALJ broad discretion in determining whether to call a medical expert to testify. See SSR-96-6p; see also Johnson v. Barnhart, 66 Fed. Appx. 285, 289 (3d Cir. 2003). Consequently, while plaintiff bears the burden of proving that he is eligible for benefits, the ALJ has the duty to ensure that the evidence is sufficient to make the benefits determination. Maniaci v. Apfel, 27 F. Supp. 2d 554, 557 (E. D. Pa. 1998) *(*citing Hughes v. Apfel, 992 F.Supp. 243, 246 (W. D. N. Y. 1997).

Plaintiff maintains that after December 1, 2003, the date in which the State agency consultant opined his medical equivalency determination, Tr. at 247, Plaintiff placed additional evidence on the record concerning her ADHD impairment. Specifically, Plaintiff identifies the following evidence: (1) the treatment notes of Dr. Randall Jordan (Dr. Jordan) describing the results of diagnostic tests performed on September 14, 2004, Tr. at 262; (2) a letter dated April 18, 2005, from Plaintiff's first grade teacher, Amy Price, to Dr. James Riley (Dr. Riley) describing Plaintiff's behavior at school, Tr. at 163; (3) the treatment notes from an examination conducted by Dr. Riley on May 5, 2005, Tr. at 273; and (4) the responses of Skinner and Plaintiff's teacher to an Attention Deficit Disorder questionnaire, see Tr. at 273. Plaintiff, however, does not challenge on review before this Court that this evidence supported a finding that she met or equaled the listing-level requirements. Instead, Plaintiff's claim that an updated medical opinion was required appears to challenge whether the ALJ met his objection to develop the record adequately.

An examination of the ALJ's determination and the medical record indicates that he considered this evidence in rendering his Step 3 determination. Tr. at 24, 27, 29 (discussing the teacher's letter), 25 (discussing the results of tests administered by Dr. Jordan and Skinner's questionnaire responses), Tr. at 26, 27 (discussing treatment notes from Dr. Riley on May 5, 2005, and noting the doctor's reference to the questionnaire responses of Skinner and Plaintiff's teacher). The determination also indicates that the

ALJ considered treatment notes dated June 2005 from Dr. Wiley, which provided that Plaintiff's ADHD improved in response to medication and that Plaintiff was "'doing great.'" Tr. at 26, 27, 30. The ALJ inferred from the June 2005 treatment notes and the lack of additional evidence from June 2005 through December 2005 that Plaintiff's condition continued to improve. Id.

The Court finds that the ALJ acted in accordance with SSR 96-6p. The ruling requires that the ALJ only obtain an updated medical opinion when additional <u>medical evidence</u> is presented (emphasis provided). The first-grade teacher's April letter and the questionnaire responses from Skinner and her teacher do not qualify as medical evidence. See 20 C.F.R. §§ 404.1512(b)(3) (defining other evidence as statements made by claimant and others about claimant's alleged impairments), 404.1528(b)-(c), 404.1529(a) (defining objective medical evidence).

With respect to the doctors' treatment notes, SSR 96-6p affords the ALJ broad discretion to determine whether an medical expert's equivalency determination may change based on the additional evidence. SSR 96-6p, 1996 WL 374180 at *3-4. As discussed above, the ALJ considered the medical evidence supplied by Plaintiff as well as additional notes from June 2005, repeatedly commenting that once Plaintiff received medication, her condition improved. He also repeatedly remarked that Plaintiff had not provided any new evidence concerning her condition after June 2005. Thus, there was no conflicting medical evidence on the record concerning her condition and its improvement

after June 2005.  Because the medical evidence on the record was conclusive as to whether the condition was listing-level, it was not necessary for the ALJ to seek an updated equivalency determination.  See Johnson v. Barnhart, 66 Fed. Appx. 285, 288-89 (3d Cir. 2003) (holding that where the evidence of record suggests equivalence, and where an ALJ has failed to resolve a conflict or explain the bases for rejecting this evidence, the duty to adequately develop the record requires the ALJ to call a medical expert); Diehl v. Barnhart, 357 F. Supp. 2d 804, 815 (E. D. Pa. 2005) (holding that where the record is "inconclusive," as to whether a disability is listing-level, the ALJ is required to call a medical expert); Maniaci v. Apfel, 27 F. Supp. 2d 554, 557 (E. D. Pa. 1998) (holding that where "the record as it exists at the time of the administrative hearing fairly raises the question of whether a claimant's impairment is equivalent to a listing, a medical expert should evaluate it").  The ALJ's decision was in accordance with the ruling.  Because the ALJ did not err in applying the legal standards, the Court finds that Plaintiff's argument lacks merit.

## V.  CONCLUSION

Based on the foregoing analysis, it is the RECOMMENDATION of the Magistrate Judge that the decision of the Commissioner is REMANDED in part for further proceedings and AFFIRMED in part.  The parties are

DIRECTED to file any objections to this recommendation on or **before April 18, 2007**.  Any objections filed must specifically identify the findings in the Recommendation

of the Magistrate Judge that are the subject of the objections.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Corp. v. Hallmark Builders, Inc.*,* 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 5th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE